IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL LYNN WILLIAMS                                                    PLAINTIFF

VS.                              CASE NO. 4:09-CV-4088

FORMER SHERIFF LINDA RAMBO;
WARDEN JANICE NICKLESON; JAILER
DOLLY SIMMONS; SGT. RACHEL JONES;
WAYNE WALKER; DEPUTY DON THORNELL;
DEPUTY CECIL WHITE; SHERIFF RON
STOVALL; SGT. WOODY GILES; MAJOR
GARY TURNER; SHEILA ABRAHAM-DRAKE;
and JIMMY BALLARD                                                        DEFENDANTS

## MEMORANDUM OPINION

Before the Court is the Report and Recommendation filed March 4, 2013 by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 118). Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against Defendants in their official and individual capacities after he was attacked on two different occasions by other inmates in the Miller County Detention Center ("MCDC") in Miller County, Arkansas. On July 10, 2012, Judge Setser held an evidentiary hearing and received testimony from 16 witnesses, including Plaintiff and 10 of the Defendants. On October 4, 2012, a second evidentiary hearing was held to receive testimony from another Defendant, Wayne Walker. Based on the testimony at those hearings, Judge Setser, issued a thorough report addressing Plaintiff's claims against each Defendant. Defendants have filed objections to that report. (ECF No. 119). The matter is ripe for the Court's consideration.

Judge Setser recommends that Defendants Rambo, Nickleson, and Ballard be held jointly and severally liable for $5,000 in compensatory damages and $350 for the filing fee in this case for their deliberate indifference and failure to protect Plaintiff while he was a pretrial detainee in MCDC. She also recommends awarding $5,000 in punitive damages against Defendant Ballard for his intentional behavior in allowing an attack on Plaintiff by other inmates. For various reasons, Judge Setser recommends dismissal of the remaining claims against Defendants Simmons, Jones, Thornell, Walker, White, Stovall, Giles, and Turner with prejudice.[1] She recommends dismissal of the claims against Defendant Abraham-Drake without prejudice.[2] Defendants' objections to Judge Setser's report pertain exclusively to the recommendation for liability against Defendants Rambo, Nickleson, and Ballad.

As a preliminary point, Defendants' objections are somewhat troubling. It is apparent that Defendants' counsel spent more time attempting to undermine Judge Setser in this case than researching the legal issues before the Court. And while Defendants' objections quite artfully project several underhanded, if not disrespectful, comments related to Judge Setser's findings, the objections themselves miss the legal mark. After a *de novo* review of the record, the Court adopts Judge Setser's report in its entirety.

Defendants assert four objections: (1) that Judge Setser's report is inconsistent by "simultaneously floating two versions of events;" (2) that Judge Setser clearly erred by finding that Defendant Ballard intentionally allowed the attack on Plaintiff—a version of the events that allegedly "defies common sense;" (3) that Plaintiff's $5,000 compensatory damages award is

---

[1] For example, Judge Setser found the second attack against Plaintiff did not violate any constitutional right. As a result, she recommends dismissal of the Defendants implicated by that attack.

[2] Judge Setser recommends dismissal of the claims against Defendant Abraham-Drake without prejudice because she was never properly served with process. (ECF No. 83). The Court previously directed Plaintiff to provide the Court with Defendant Abraham-Drake's current address (ECF No. 85), but Plaintiff failed to do so.

excessive; and (4) that punitive damages against Defendant Ballard are not warranted. None of these arguments have merit.

      1.      Consistency of Judge Setser's Report

Defendants' first objection is that Judge Setser's report is inconsistent because it "floats" two different versions of the events. (ECF No. 119). Defendants claim that, on one hand, Judge Setser found Defendants Rambo and Nichleson liable because they acted with deliberate indifference to the fact that inmates could come and go from their cells and pods because of faulty locks, which enabled them to attack Plaintiff. On the other hand, Defendants claim that Judge Setser found Defendant Ballard liable because he intentionally orchestrated the attack by having the door to Plaintiff's pod opened to allow inmates to rush in and attack him. Defendants argue that if the "faulty locks" allowed the attack to happen, then Defendant Ballard's alleged intentional act of having the pod door opened to facilitate the attack cannot also be true. Defendants go as far as accusing Judge Setser of trying to "pin liability on as many Defendants as possible." (ECF No. 119). The Court disagrees. Not only is this an inappropriate accusation, but Defendants have mischaracterized the Court's findings.

Judge Setser found that Defendants Rambo and Nichleson—the sheriff and jail administrator at the time of Plaintiff's first attack—were liable under a theory of supervisor liability. She recommends they be held liable, not just because they knew the jail had faulty locks, but also because they knew that the jail guards had been letting prisoners out of their cells and pods and that Plaintiff, a charged sex offender, had multiple direct threats against him.[3] Both Plaintiff and Plaintiff's sister had notified Rambo that imminent threats were made to Plaintiff's

---

[3] It is worth noting that the improper behavior by the guards was so pervasive that they had essentially lost control of the jail. The guards, in fact, were letting prisoners come and go from MCDC through a hole in the roof and were responsible for bringing contraband into the jail. This behavior is egregious, and it was openly condoned by Defendants Rambo and Nichleson.

physical well-being. And both Rambo and Nichleson knew that such threats could be carried out based on the consistent improper behavior of the MCDC guards. Despite this knowledge, Rambo and Nichleson turned a blind eye to it.

As Judge Setser's well-reasoned report points out, Defendants Rambo and Nichleson's behavior is consistent with Eighth Circuit precedent for finding supervisor liability for a failure to protect. In *Moore v. City of Desloge*, 647 F.3d 841, 849 (8th Cir. 2011), the court found that supervisor liability exists where a plaintiff shows that a failure to train *or supervise* caused the relevant harm. The court in *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995), held that a supervisor is liable when the supervisor is personally involved in a constitutional violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye [to it]." *Id.* That is exactly what occurred here. Defendants Rambo and Nichleson either condoned or turned a blind eye to the behavior of the MCDC guards that put Plaintiff in danger while they knew about the threats against him. They effectively caused the harm through their own condonance.

Defendants Rambo and Nichleson's supervisor liability is also consistent with Defendant Ballard's liability for his own intentional conduct. Defendant Ballard was a jail guard at the time of Plaintiff's first attack. The testimony at the July 2012 hearing revealed that Defendant Ballard intentionally allowed Plaintiff's pod door to be opened while several inmates rushed in to attack him.[4] This is yet another example of a MCDC guard improperly allowing inmates to come and go from their pods and enter into the pods of other inmates, subjecting them to substantial risk.

---

[4] The Court notes that many of Judge Setser's findings turn on the credibility and the consistency of the evidence presented at the two evidentiary hearings. After reviewing the record, the Court agrees with Judge Setser that Plaintiff's version of the events during the first attack is the most credible. The testimony of Defendants Rambo, Nichleson, and Ballard were quite inconsistent and should be discredited.

Indeed, this is the exact type of behavior by MCDC guards that Defendants Rambo and Nichleson had continuously turned a blind eye to. The only difference in this instance is that it resulted in the inmates carrying out a threat that was previously known to Defendants Rambo and Nichleson. Therefore, their liability is not inconsistent with Defendant Ballard's intentional conduct. Rather, their liability actually arises from the fact that they consistently condoned the type of behavior that Defendant Ballard intentionally carried out, despite a known risk of danger. Accordingly, Defendant's objection is unpersuasive.

    2.    Defendant Ballard's Intentional Behavior

In her report, Judge Setser found that Defendant Ballard was in Plaintiff's pod handing out medicine to the inmates when the first attack occurred. At some point, he apparently radioed to have the pod door opened, but after the door opened nothing happened, and the pod door closed again. He then radioed to have the pod door opened again. This time several inmates rushed in and attacked Plaintiff. Judge Setser found that Defendant Ballard acted intentionally in allowing this attack to happen. She credited Plaintiff's testimony that, when Defendant Ballard radioed the first time to have the pod door opened, it was "like he was waiting for someone to come inside E-pod." (ECF No. 118). The evidence also revealed that Defendant Ballard was aware of at least one of the direct threats against Plaintiff before the attack occurred.

    Defense counsel objects that the evidence does not support a finding of intentional conduct. However, counsel cites no authority for the proposition that Defendant Ballard's actions should not be construed as intentional. Defendants' only decipherable argument is that such a finding "defies common sense." (ECF No. 119). Defendants seem to argue that the guards at MCDC were essentially too smart to get caught orchestrating an attack in the way Plaintiff described the events. Defendants' objection states, "[c]learly, any jailer who intentionally

orchestrated such an attack would have left the pod after the door was opened in order to be away from the forthcoming incident to allow him to deny culpability." (ECF No. 119). Perhaps Defendants' counsel accords the MCDC guards more intellectual savvy than they are due. Judge Setser credited plaintiff's versions of the facts and found both Ballard's and Walker's testimony regarding the incident to be completely incredible. The Court agrees.

After considering the totality of the circumstances—including the overall chaotic state of the jail, the general deplorable behavior by the guards, Defendant Ballard's awareness of a direct threat against Plaintiff, and his multiple attempts to open Plaintiff's pod door allowing inmates from other pods to rush in—the logical and reasonable inference is that Defendant Ballard acted intentionally, and his actions caused Plaintiff harm. Accordingly, Defendants' objection fails.

3. Compensatory Damages Award

Judge Setser recommends that Defendants Rambo, Nichleson, and Ballard be held jointly and severally liable for compensatory damages in the amount of $5,000. She cites numerous cases within the Eighth Circuit that indicate $5,000 is a reasonable amount to compensate Plaintiff for the harm done. *See e.g.*, *Mitchell v. Neff*, No. 09-cv-4071, 2012 WL 2449863 (W.D. Ark. May 30, 2012) (awarding $5,000 in compensatory damages for failing to protect an inmate from an attack where the plaintiff suffered cuts to the head and bruises, cuts, and abrasions to his arms); *Boesing v. Spiess*, 540 F.3d 886, 889-90 (8th Cir. 2008) (upholding a $5,000 compensatory award to an arrestee who, while handcuffed, was sprayed with mace and struck on the head and back with a baton, sustaining lacerations to his head and deep bruises on his back and side).

Defendants object that Judge Setser's recommended compensatory award is excessive, but here again, counsel cites no authority to support such an argument. Instead, Defendants

6

simply assert that Judge Setser should have considered different cases in reaching the damages number. Defendants argue that, with the exception of *Mitchell v. Neff*, a failure-to-protect case much like this one, the authority cited by Judge Setser is distinguishable because most of those cases involved "either a sexual assault or extreme physical abuse by a jailer." (ECF No. 119). In essence, Defendants argue that since Defendants themselves were not the ones who actually attacked Plaintiff, $5,000 is an excessive award. *c.f.*, *Boesing*, 540 F.3d at 889-90 (granting $5,000 compensatory damages after finding a jailer liable for *personally beating* the plaintiff with a baton).

Defendants' attempt to distinguish cases like *Boesing* is misguided. Either Defendants caused the injuries to Plaintiff, or they did not cause the injuries, and in this case, they did. The Court has already made that determination. Whether Defendants threw a punch or intentionally turned a blind eye so that others could do so is not a distinguishable point on the amount of damages. Defendants caused Plaintiff to suffer injuries to his head and eye to the extent that he was still managing blurry vision and headaches at the time of the July 2012 hearing. He had a tooth knocked loose that had to be pulled by the jail dentist, and he suffered cuts to his hand and shin. Therefore, the Court finds the $5,000 compensatory damage award is not excessive.

Moreover, the fact that Plaintiff incurred no out of pocket medical costs does nothing to change this finding. Judge Setser recommends Plaintiff's compensatory damage award, not just for his physical injuries, but also for pain and suffering. Recovery of compensatory damages may include out-of-pocket loss and other monetary harm, as well as, impairment of reputation, personal humiliation, and mental anguish and suffering. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986). Accordingly, Defendants' objection lacks merit.

    4.    Punitive Damages Award

Judge Setser recommends a punitive damages award against Defendant Ballard in the amount of $5,000 for his intentional conduct in the attack on Plaintiff. Defendants object that such an award is not warranted. The Court points out, however, that Judge Setser warned Defendants at the July 2012 hearing that punitive damages would likely be an issue in this case. She gave Defendants' counsel an opportunity to be heard on this issue, but he offered no evidence against such a finding.

Defendants now object—without citing any authority—that punitive damages are unwarranted because (a) Judge Setser's "floating of two different versions of the events;" and (b) the language in Judge Setser's report "indicates a lack of confidence in [her] own factual findings." (ECF No. 119).

As discussed above, Judge Setser "floated" only one version of the events. There is nothing inconsistent about her finding that Defendants Rambo and Nichleson are liable for grossly failing to supervise the guards at MCDC, including Defendant Ballard, and thereby causing Plaintiff's injury, and also finding that Defendant Ballard is liable for his own intentional conduct.

Furthermore, there is nothing lacking in confidence about Judge Setser's recommendation for punitive damages. She clearly found that "the evidence here shows Ballard intentionally disregarded [Plaintiff's] safety." According to the Eighth Circuit, that is more than enough for a punitive damages award. *Walters v. Grossheim*, 990 F.2d 381, 385 (8th Cir. 1993) (finding that punitive damages are appropriate when a defendant's conduct "involves reckless or callous indifference to the federally protected rights of others"). Judge Setser found that Defendant Ballard's conduct went beyond this standard. She found that he not only

"demonstrated reckless and callous indifference" to Plaintiff's safety, but also intentional indifference. For that reason, Defendants' objection is unpersuasive.

Accordingly, for the reasons discussed herein and those in Judge Setser's well-reasoned report, the Court adopts the report and recommendation in full. (ECF No. 118). Plaintiff's claims against Defendants Simmons, Jones, Thornell, Walker, White, Stovall, Giles, and Turner should be and hereby are **DISMISSED with prejudice**. Plaintiff's claims against Defendant Abraham-Drake are **DISMISSED without prejudice**. Defendants Rambo, Nichleson, and Ballard should be and hereby are jointly and severally liable to Plaintiff for compensatory damages in the amount of $5,000. They are also jointly and severally liable for Plaintiff's $350 filing fee in this action. Defendant Ballard is liable to Plaintiff for punitive damages in the amount of $5,000. A Judgment consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 25th day of March, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge