IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL LYNN WILLIAMS                                                                    PLAINTIFF


V.                                      CIVIL NO. 4:09-cv-04088


FORMER SHERIFF LINDA RAMBO;
WARDEN JANICE NICKLESON;
JAILER DOLLY SIMMONS;
SGT. RACHEL JONES; WAYNE
WALKER; DEPUTY DON THORNELL;
DEPUTY CECIL WHITE; SHERIFF RON
STOVALL; SGT. WOODY GILES; MAJOR
GARY TURNER; SHEILA ABRAHAM-DRAKE;
and JIMMY BALLARD                                                                       DEFENDANTS

## ORDER

Michael Williams filed this civil rights action *pro se* and *in forma pauperis* pursuant to the

provisions of 42 U.S.C. § 1983 on August 11, 2009.  Judgment was entered in this matter on

March 25, 2013.  ECF No. 121.  Currently before the Court is Williams's Motion for Relief Under

Rule 69.  ECF No. 123.  Defendants did not respond.  The Court finds as follows.

## I.      BACKGROUND

The events at issue in this case occurred while Williams was incarcerated at the Miller

County Detention Center ("MCDC") in  2008 and 2009.  The Court held evidentiary hearings in

this matter on July 10, 2012 and October 4, 2012.  On March 25, 2013, the Court dismissed

Williams's claims against Defendants Simmons, Jones, Thornell, Walker, White, Stovall, Giles,

Turner, and Drake; and entered Judgment against Defendants Rambo, Nickleson, and Ballard.  ECF

No. 121.  Specifically, the Court held Defendants Rambo, Nickleson, and Ballard jointly and

severally liable to Williams for compensatory damages in the amount of $5,000 and for Williams's $350 filing fee in this action; and Defendant Ballard liable for punitive damages in the amount of $5,000.   ECF No. 212.

On April 3, 2013, Defendants' filed a Notice of Satisfaction of Judgment.  ECF No. 122. This Notice included copies of the checks issued to Williams and the Court on April 3, 2013 in satisfaction of the above referenced Judgment.  Additionally, the Notice included a document titled "Money Order Deposit Slip" from the Arkansas Department of Correction Trust Fund Centralized Banking Account indicating $10,050.00 was submitted for deposit into Williams's Arkansas Department of Corrections ("ADC") inmate account.  ECF No. 122, p. 4.

On September 19, 2013, Williams filed several documents with the Court requesting relief from a state court order withdrawing $8,435.13[1] from his ADC inmate account.  ECF No. 123. The Court interpreted these documents as a motion for relief under Federal Rule of Civil Procedure 69 and will treat it as such in this Order.

In Williams's Motion, he alleges he was initially able to use the judgment proceeds to make purchases at the ADC commissary and on his ADC phone bill.  On August 27, 2013, however, he was notified that the remaining $8,435.13 was removed from his account and placed into the registry of the Pulaski County Circuit Court.  ECF No. 123.  Williams requests the Court (1) find it was illegal for the State of Arkansas to remove his section 1983 judgment proceeds from his

---

[1] The Court notes that Williams claims the amount withdrawn from his ADC inmate account was $8,435.13, however, the court order from Pulaski County Circuit Court, attached to Williams's Motion, indicates the amount authorized for deduction from Williams's account was $8,530.95.  Lastly, the amount actually withdrawn appears to be $8435.13 as evidenced from the withdraw form.  As the Court finds it lacks jurisdiction over the issues raised in Williams's Motion, the specific amount deducted from his inmate account is of little consequence for purpose of this Order.

inmate account; and (2) order the State of Arkansas to return the judgment proceeds to him.  ECF No. 123.

Williams attached to his Motion an August 23, 2013 order from the Pulaski County Circuit Court. This Order granted the State of Arkansas's Motion for Leave to Deposit Funds and ordered the remaining judgment proceeds in Williams's inmate account ($8,530.95) to be deposited into the registry of Pulaski County Circuit Court pursuant to the State Prison Inmate Care and Custody Reimbursement Act.  ECF No. 123, Ex. 1.

Also attached to the Motion, is an Arkansas Department of Correction Inmate Trust Fund Account Personal Withdrawal Request in the amount of $8,435.13.  ECF No. 123, Ex. 2.  This withdrawal form states "[t]o send to [Pulaski County Circuit Clerk] per the attached email from Edward Armstrong, AG's office and attached court order . . . [Pulaski County] Court to hold funds until decision made."  ECF No. 123, Ex. 2.

Williams also filed a copy of the Writ of Mandamus he filed with the Arkansas Supreme Court regarding the judgment proceeds.  ECF No. 124.

## II.    DISCUSSION

In his Motion, Williams seeks an Order enjoining the State of Arkansas from using the Arkansas State Prison Inmate Care and Custody Reimbursement Act[2] ("Custody Reimbursement Act") to attach to his section 1983 judgment proceeds.  The Court interprets William's Motion as one invoking the Court's inherent power to enforce its judgments pursuant to Federal Rule of Civil Procedure 69.  Peacock v. Thomas, 516 U.S. 349, 356 (1996).

---

[2] The Custody Reimbursement Act, codified at Arkansas Code Annotated sections 12-29-501 - 507 authorizes reimbursement of the State of Arkansas, from an inmate's estate, for the cost of housing the inmate in the ADC.

3

Federal Rule of Civil Procedure 69 "is a procedural mechanism for a court's exercise of its inherent jurisdiction to enforce its judgment in a supplemental proceeding" but such jurisdiction only continues until the judgment is satisfied. Beeks v. Hundley, 34 F.3d 658, 660 (8th Cir. 1994) (internal quotations and citations omitted). Once unconditional payment of the judgment proceeds are made in a section 1983 case, the judgment is satisfied and the district court's jurisdiction to enforce the judgment is exhausted. Id. (explaining that a state's unconditional payment of judgment proceeds to inmate's counsel satisfied the section 1983 judgment even though the state later confiscated the judgment proceeds under the state's victim restitution act); cf. Hankins v. Finnel, 964 F.2d 853 (8th Cir. 1992) (the court held it retained jurisdiction over its section 1983 judgment because the state's initial payment of the judgment proceeds was merely a sham—proceeds paid by the state into a frozen prison account and then immediately attached to by the state pursuant to the state's custody reimbursement act).

Here, Defendants made an unconditional payment of $10,050.00 into Williams's ADC inmate account on April 3, 2013. ECF No. 211. Additionally, Williams was able to, and in fact did, begin spending the judgment proceeds once they were deposited into his ADC inmate account. ECF No. 123. The Court's jurisdiction over the judgment proceeds in this matter was exhausted on April 3, 2013 when Defendants unconditionally deposited the judgment proceeds into Williams's inmate account. Beeks, 34 F.3d at 660. Accordingly, the Court no longer retains jurisdiction over the judgment proceeds and cannot offer Williams the relief he requests.

Furthermore, even if the Court retained jurisdiction over the judgment proceeds, it would not be able to provide Williams with the relief he seeks. While the Eighth Circuit Court of Appeals ("Eighth Circuit") has previously held a state may not attach to section 1983 judgment

4

proceeds awarded to an inmate for the purpose of recouping incarceration costs, the facts presented here do not fit within the narrow parameters of that precedent.  See Hankins v. Finnel, 964 F.2d 853 (8th Cir. 1992).

In Hankins, an inmate recovered a judgment against a Missouri prison employee under section 1983.  The State of Missouri indemnified this employee and paid the judgment into the inmate's frozen prison account.  The State of Missouri then immediately sought to recoup the same judgment proceeds through its custody reimbursement act.  Hankins, 964 F.2d at 860.  The Hankins court held that section 1983 preempted Missouri's custody reimbursement act to the extent it authorized such recoupment.  Id. at 861.  The Eighth Circuit's reasoning behind this holding relied heavily on the fact that an important goal of section 1983 is deterrence against future constitutional deprivations.  The Hankins court reasoned that allowing a state  to recover "the very monies" it pays for unconstitutional deprivations would undermine the goal of section 1983.  Id. at 861.  The Hankins court also noted that "neither the State nor its employees would have the incentive to comply with federal and constitutional rights of prisoners" if it could later recoup any section 1983 awards paid to inmates through a custody reimbursement act.  Id.

This case does not present the same concerns as those noted in Hankins.  Miller County and/or the individual Defendants in this case (collectively "Miller County"), not the State of Arkansas, paid the judgment proceeds at issue.  Furthermore, the State of Arkansas was not a party in this matter, and there is no evidence to indicate the State of Arkansas is or will indemnify Miller County for any judgment amount paid.  Therefore, the entity paying Williams's judgment proceeds and the entity seeking to attach to the judgment proceeds are entirely distinct, thus, eliminating any Hankins type concerns over the deterrent effect of a section 1983 award.  See Moore v. Jackson,

Civil No. 04-1086, 2004 U.S. App. LEXIS 21332, at *2 (8th Cir. Oct. 14, 2004) ("because [plaintiff's] judgment was not paid by the State but by [an independent contractor], and because the record nowhere suggests the State intends to indemnify [the independent contractor] for its loss, [Plaintiff's] case falls outside the limited scope of <u>Hankins</u>."); <u>Beeks v. Hundley</u>, 34 F.3d 658 (8th Cir. 1994) (the court held the state's actions of unconditionally paying the plaintiff the section 1983 judgment proceeds and then later attaching to such proceeds pursuant to the state's victim restitution statute did not defeat section 1983's deterrence goal because the state was not retaining the attached section 1983 judgment proceeds but instead paying them to the victims of the plaintiff's crimes); <u>Parsons v. Heebsh</u>, Civil No. 09-14411, 2010 WL 3905196 (E.D. Mich. Sept. 30, 2010) (a state attaching to an inmate's section 1983 award pursuant to the state's custody reimbursement act was not inconsistent with the deterrence goals of section 1983 when the award was paid by a county and not the state itself); <u>State Treasurer v. Rusiecki</u>, Civil No. 242238, 2003 Mich.App. LEXIS 837, at *3 (Mich.Ct.App. Mar. 27, 2003) ("[h]ere, the 1983 award was paid by an entity different from the state . . . The deterrent effect was not focused on the state. The entity that violated defendant's rights was required to pay, and that payment is a deterrence to future violations, despite the fact that the money was received by the state.").  Accordingly, the situation presented here falls outside the limited scope of <u>Hankins</u>, and the Court, if it had jurisdiction would not enjoin the State of Arkansas from attaching to Williams's judgment proceeds pursuant to the Custody Reimbursement Act.

## III.    CONCLUSION

For the reasons stated herein, Williams's Motion for Relief Under Rule 69 (ECF No. 123) is hereby **DENIED**.

**IT IS SO ORDERED** this 31st day of October 2013.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

7